# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

JOEL WAYNE ALLEN,

    Plaintiff,

v.                                       Case No. CIV-08-226-RAW

STATE OF OKLAHOMA, *et. al.*,

    Defendants.

## ORDER & OPINION

Plaintiff filed this action on June 19, 2008. Plaintiff states that he files this action pursuant to 42 U.S.C. § 1983 and/or habeas corpus. The court construes this action as a § 1983 action. The court is hesitant to construe Plaintiff's action as a habeas action, as his Complaint resembles a § 1983 action more than a habeas action. Moreover, criminal defendants generally have only one bite at the habeas apple, and this court is not willing to deprive a person of that bite if it is not certain that person is intending to take it.[1]

On his Civil Cover Sheet, under "defendants," Plaintiff lists "State of OK, et. al." On the first page of his Complaint he states that there are "several" defendants who are judges and state officials. He lists by name only Judges Sewell and Payton. A criminal case in Wagoner county, CRF-89-64, is related to this action. He argues that he was wrongfully convicted in that action, that he was denied access to appeal his conviction, and that exculpatory evidence was destroyed. More

---

[1] If Plaintiff intends to bring a habeas action in the future, the court suggests he locate the proper forms, as they should assist him somewhat in making his claims.

specifically, Plaintiff claims that the defendants did not execute a writ of mandamus, allowed the time run out on his appeal, did not appoint a lawyer to represent him, and did not send him a copy of an order by Judge Payton denying his appeal.

Plaintiff requests "a lot of money" and that the charges be dropped and expunged. On his Civil Cover Sheet, he demands two million dollars from each defendant. In a letter dated July 17, 2008, Plaintiff requests a lawyer to be appointed to him. He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (hereinafter "IFP") [Docket No. 3].

## IFP Motion

The Court "has discretion in deciding whether or not to grant a civil litigant permission to proceed IFP." Brewer v. City of Overland Park Police Dept., 24 Fed.Appx. 977, 979 (10th Cir. 2002) (citing 28 U.S.C. § 1915(a)). "General factors that can be considered when deciding whether to grant IFP status include: whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." Id. (citations omitted).

While the claims Plaintiff has made thus far are frivolous and will be dismissed below, the court is not prepared to hold that all of Plaintiff's possible claims are frivolous.[2] Apparently, Plaintiff is not currently a prisoner, but his claims pertain to a criminal case wherein he was a defendant. Taking into account the nature and amount of the mandatory and discretionary demands on Plaintiff's financial resources, he clearly does not have much in the way of excess funds. Therefore, in its discretion and taking pity on the Plaintiff – not wanting him to have to pay the filing

---

[2]Plaintiff mentions "several" defendants and could possibly bring a colorable claim at some point against one of these "several" defendants; however, he has yet to do so.

fee in this case – the court grants Plaintiff's IFP motion in this case only. If Plaintiff files another action, he must file a new IFP motion.

## Plaintiff's Request for Counsel

Plaintiff does not have an absolute right to have counsel appointed in his § 1983 action. In fact, "the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988) (citation omitted). See also Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) ("A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel.").

"The decision of whether to appoint counsel in a civil case under § 1983 is left to the discretion of the trial court." Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1181 (10th Cir. 2003). Generally, if a plaintiff has a colorable claim, the court "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985). As the court notes below, Plaintiff has not stated a colorable claim. Accordingly, the court denies his request for appointment of counsel.

## Judicial Immunity

The two individually named defendants are judges. A judicial officer "is entitled to absolute immunity from a claim for damages under § 1983 unless he has acted 'in clear absence of all jurisdiction.'" Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1189 (10th Cir. 2003) (citation omitted). See also Rosenthal v. Justices of the Supreme Court of Cal., 910 F.2d 561, 565-66 (9th Cir. 1990) ("A judge is immune from suit under 42 U.S.C. § 1983 for acts in excess of his jurisdiction, so long as the acts themselves were judicial."). "An act is judicial if it is a function

normally performed by a judge and the parties dealt with the judge in his judicial capacity. A judge is entitled to immunity even if he acted with partiality, maliciously, or corruptly." Martinez v. Winner, 771 F.2d 424, 434 (10th Cir.) (citations omitted).

All of the claims Plaintiff has brought against Judges Sewell and Payton are clearly based on acts performed within their judicial capacities.[3] Plaintiff argued that the defendants did not issue a write of mandamus, allowed the time run out on his appeal, did not appoint a lawyer to represent him, and did not send him a copy of an order. Each of these acts would have been well within the scope of "normally performed" judicial duties and thus well within the judicial capacities of Judge Sewell and/or Judge Payton. Judges Sewell and Payton, therefore, are hereby dismissed with prejudice from this action.

### Claim Against State of Oklahoma

Plaintiff also names the State of Oklahoma as a defendant. The court remains unsure of the exact nature of the claims Plaintiff may have intended to bring against the State of Oklahoma. Nevertheless, he has clearly failed to bring a colorable § 1983 claim against the State. He has made no allegations whatsoever regarding any policies or customs of the State, and the State may not be held accountable for the specific actions he listed in his Complaint. Accordingly, the court will dismiss the State without prejudice to Plaintiff's refiling of a colorable claim.

### *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii), the court "shall" dismiss a case at any time if the court determines that the action "fails to state a claim on which relief may be granted" or

---

[3]Plaintiff's Complaint is unclear as to which claim he has brought against which judge, but that information is unnecessary for the determination that his claims are based upon alleged acts that fall within the judges' judicial capacities.

"seeks monetary relief against a defendant who is immune from such relief." Plaintiff has done both – failed to state a claim against the State of Oklahoma and sought monetary relief against two defendants who are judges and immune from suit. He has named no other defendants.

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). The legal conclusion is clear from the face of Plaintiff's Complaint. Accordingly, his action is dismissed.

## Conclusion

Plaintiff's actions against Judges Sewell and Payton are DISMISSED with prejudice. His action against the State of Oklahoma is DISMISSED without prejudice. His motion for appointment of counsel is DENIED, and his Motion for Leave to Proceed IFP [Docket No. 3] is GRANTED.

IT IS SO ORDERED this 12th day of August, 2008.

**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

5